IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DONALD L. SHEPHERD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 08-368-GMS |
| | ) |
| CARL DANBERG, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM ORDER

At Wilmington, this 16TH day of Sept. , 2008;

The plaintiff, Donald L. Shepherd ("Shepherd"), a prisoner housed at the James T. Vaughn Correctional Center, filed this lawsuit pursuant to 42 U.S.C. § 1983. He proceeds *pro se* and was granted leave to proceed *in forma pauperis*. (D.I. 6.) Pending before the court is Shepherd's letter/motion for a temporary restraining order regarding the administration of medication. (D.I. 9.) The court ordered Warden Perry Phelps ("Warden Phelps") to file a response, and a response was filed along with pertinent medication records. Since that time, Shepherd has filed a number of letters concerning his medication.

Generally speaking, courts apply the standards for granting a preliminary injunction in determining the propriety of issuing a temporary restraining order. A party seeking a preliminary injunction must show: (1) a likelihood of success on the merits; (2) that it will suffer irreparable harm if the injunction is denied; (3) that granting preliminary relief will not result in even greater harm to the nonmoving party; and (4) that the public interest favors such relief. *Kos Pharmaceuticals, Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004)(citation omitted). The function of the temporary restraining order is to preserve the status quo until there is an

opportunity to hold a hearing on the application for a preliminary injunction. *Tootsie Roll Indus., Inc. v. Sathers, Inc.*, 666 F. Supp. 655, 658 (D. Del.1987) (citation omitted).

Shepherd claims that Nurse Betty of Correctional Medical Services ("CMS") is either giving him improper medication or refusing to administer medication used for the management of hypertension. In one of his filings Shepherd states that he was advised by Nurse Betty that the pills had changed because of a different pharmaceutical manufacturer, but he was told by a different nurse that "was a lie." (D.I. 18.) Warden Phelps asks the court to deny the motion and responds that Shepherd's medical records indicated that he received the appropriate medication throughout the month of June, after the filing of the complaint. Shepherd wants to subpoena medical personnel and argues that the records submitted are incorrect.

Regardless of Shepherd's belief, the records submitted indicate that Shepherd receives medication to treat hypertension. Given the exhibits submitted to the court, Shepherd has not demonstrated the likelihood of success on the merits. The records indicate that he has received, and continues to receive, appropriate medication. Moreover, the record does not demonstrate that, at the present time, Shepherd is in danger of suffering irreparable harm. Shepherd has neither demonstrated the likelihood of success on the merits, nor has he demonstrated irreparable harm to justify the issuance of immediate injunctive relief. Accordingly, based upon the foregoing analysis, Shepherd's motion for a temporary restraining order is **denied**. (D.I. 9.)



CHIEF, UNITED STATES DISTRICT JUDGE



FILED

U.S. DISTRICT COURT
DISTRICT OF DELAWARE