IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DONALD L. SHEPHERD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 08-368-GMS |
| | ) |
| CARL DANBERG, COLLEEN BELL, | ) |
| LT. DEIFO, LT. SENATO, LT. SEBATO, | ) |
| TRACY WILKINS, PERRY PHELPS, | ) |
| LAWRENCE M. SULLIVAN, and | ) |
| EDMUND M. HILLIS, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM**

The plaintiff, Donald L. Shepherd ("Shepherd"), an inmate at the James T. Vaughn Correctional Center ("VCC"), formerly known as the Delaware Correctional Center, Smyrna, Delaware, filed this lawsuit pursuant to 42 U.S.C. § 1983. (D.I. 2.) He appears *pro se* and was granted permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (D.I. 6.) The court now proceeds to review and screen the complaint and amended complaint pursuant to 28 U.S.C. § 1915 and § 1915A.

**I. BACKGROUND**

Shepherd was arrested for Family Court support charges, taken to Christiana Hospital for medical care, and on August 20, 2006, was charged by the defendant Department of Correction Commissioner Carl C. Danberg ("Danberg") with escape in the second degree. After he was discharged from the hospital, Shepherd was taken to the Howard R. Young Correctional Institution ("HRYCI") and placed in administrative segregation for ninety days isolation confinement. Shepherd was housed alone in the infirmary because he was wheelchair bound due

to gout. He alleges that the defendant nurse Colleen Bell ("Bell"), without authorization, authored a memorandum to have him moved from the infirmary to "the hole," took away the wheelchair, and stopped his heart and blood pressure medications. Shepherd alleges that he had a "nervous breakdown" and was returned to the infirmary and placed on suicide watch. Upon his return, Bell harassed him and discussed his case with the staff and other inmates.

Shepherd alleges that while in administrative segregation, the defendant Lt. Senato ("Senato"), put another inmate in the cell with him. The inmate was naked and began hitting Shepherd. An officer used tear gas to stop the altercation, and Shepherd alleges that Senato stood outside the cell and laughed. Shepherd alleges that he was set up because Senato was the hearing officer at the hearing when he was disciplined for fighting. Shepherd appealed the disciplinary report, but alleges that the defendant Lt. Sebato ("Sebato") did not submit the appeal.

On December 4, 2006, Shepherd was being released. The defendant Sgt. Deifo ("Deifo") was transferring him from the infirmary to booking and receiving and, Shepherd alleges, threw him from the wheelchair to the floor. This caused an injury to Shepherd's back.

Shepherd alleges that he was returned to HRYCI on June 20, 2007, and placed in administrative segregation for no reason. He did not receive his medication for approximately two weeks after he returned. Shepherd wrote letters and filed grievances, to no avail. Shepherd remained in segregation for ten days. Because he was having medication problems, Shepherd sought medical attention. He was told that it would be ninety days before he could see a physician.

Shepherd alleges that on August 12, 2007, he was housed three inmates to a cell and, a fellow inmate began hitting him with a crutch. He alleges that he had problems with legal mail.

Finally, Shepherd alleges he found flies in his food and that the food trays are dirty.

Shepherd's amended complaint added as defendants public defender Lawrence M. Sullivan ("Sullivan") and assistant public defender Edmund M. Hillis ("Hillis"). (D.I. 15.) Shepherd alleges these defendants denied him effective assistance of counsel when defending him on the escape charges.

## II. STANDARD OF REVIEW

When a litigant proceeds *in forma pauperis,* 28 U.S.C. § 1915 provides for dismissal under certain circumstances. When a prisoner seeks redress from a government defendant in a civil action, 28 U.S.C. § 1915A provides for screening of the complaint by the court. Both 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1) provide that the court may dismiss a complaint, at any time, if the action is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant immune from such relief. An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

In performing the court's screening function under § 1915(e)(2)(B), the court applies the standard applicable to a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *Fullman v. Pennsylvania Dep't of Corr.*, No. 4:07CV-000079, 2007 WL 25762.7 (M.D. Pa. Jan. 25, 2007) (citing *Weiss v. Cooley*, 230 F.3d 1027, 1029 (7th Cir. 2000). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff. *Erickson v. Pardus*, –U.S.–, 127 S.Ct. 2197, 2200 (2007); *Christopher v. Harbury*, 536 U.S. 403, 406 (2002). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, –U.S.–, 127 S.Ct. 1955, 1964

(2007); Fed. R. Civ. P. 8. A complaint does not need detailed factual allegations, however "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1965 (citations omitted). The "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true (even if doubtful in fact)." *Id.* (citations omitted).

Shepherd is required to make a "showing" rather than a blanket assertion of an entitlement to relief. *Phillips v. County of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008). "[W]ithout some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only "fair notice," but also the "grounds" on which the claim rests. *Id.* (citing *Twombly*, 127 S.Ct. at 1965 n.3). Therefore, "'stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element." *Id.* at 235 (quoting *Twombly*, 127 S.Ct. at 1965 n.3). "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." *Id.* at 234. Because Shepherd proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, –U.S.–, 127 S.Ct. 2197, 2200 (2007) (citations omitted).

## III. DISCUSSION

### A. Prosecutorial Immunity

Shepherd alleges that he should have been charged with escape in the third degree, rather than escape in the second degree and that Danberg "overcharged." To the extent that Shepherd

attempts to challenge his conviction and/or sentence, his sole federal remedy for challenging the fact or duration of his confinement is by way of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475 (1973). Furthermore, he cannot recover under § 1983 for alleged wrongful incarceration unless he proves that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. *See Heck v. Humphrey,* 512 U.S. 477, 487 (1994). Here, Shepherd has not alleged or proven that his conviction or sentence was reversed or invalidated as provided by *Heck.* To the extent Shepherd seeks damages for his current incarceration, his claim rests on an "inarguable legal conclusion" and is, therefore, frivolous. *Neitzke*, 490 U.S. at 326.

Additionally, Danberg is entitled to absolute immunity. "Prosecutorial immunity embodies the 'right not to stand trial.'" *Odd v. Malone*, 538 F.3d 202, 207 (3d Cir. 2008) (citations omitted). In determining whether Danberg is entitled to absolute immunity, the court looks to "the nature of the function performed, not the identity of the actor who performed it." *Id.* at 208. (citations omitted). Under the functional approach, a prosecutor enjoys absolute immunity for actions performed in a judicial or "quasi-judicial" capacity. *Id.* (citations omitted). Therefore, absolute immunity "attaches to actions 'intimately associated with the judicial phases of litigation,' but not to administrative or investigatory actions unrelated to initiating and conducting judicial proceedings." *Id.* (citations omitted).

Here, Shepherd alleges that Danberg "overcharged" him, clearly an act occurring during a judicial proceeding, and an act that required advocacy on the part of Danberg. Accordingly, Danberg is entitled to absolute immunity. For the foregoing reasons, the court will dismiss the

claim for failure to state a claim upon which relief may be granted and as frivolous as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915(A)(b)(1).

### B. Personal Involvement/Respondeat Superior

Shepherd names Tracy Wilkins ("Wilkins") as a defendant, but the complaint contains no allegations except in the ad damnum clause where Shepherd seeks $900,000 in damages from her. In that paragraph Shepherd states that "Wilkins is responsible Correctional Medical Services for plaintiff [sic] medications and health care provider should compensate [him]." Similarly, the complaint contains no allegations against the defendant Warden Perry Phelps (Phelps") except to state that he is responsible for the VCC food services, mail room, and administrative segregation.

A civil rights complaint must state the conduct, time, place, and persons responsible for the alleged civil rights violations. *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005) (citing *Boykins v. Ambridge Area Sch. Dist.,* 621 F.2d 75, 80 (3d Cir. 1980); *Hall v. Pennsylvania State Police,* 570 F.2d 86, 89 (3d Cir.1978)). Additionally, when bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *West v. Atkins,* 487 U.S. 42, 48 (1988).

As is well established, supervisory liability cannot be imposed under § 1983 on a respondeat superior theory. *See Monell v. Department of Social Services*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976). " 'A[n individual government] defendant in a civil rights action must have personal involvement in the alleged wrongdoing; liability cannot be predicated solely on the operation of respondeat superior.'" *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005) (quoting *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). Personal involvement can be shown through allegations that a defendant directed, had actual knowledge

of, or acquiesced in, the deprivation of a plaintiff's constitutional rights. *Id.; see Monell v. Department of Social Services* 436 U.S. 658, 694-95 (1978). Supervisory liability may attach if the supervisor implemented deficient policies and was deliberately indifferent to the resulting risk or the supervisor's actions and inactions were "the moving force" behind the harm suffered by the plaintiff. *Sample v. Diecks,* 885 F.2d 1099, 1117-118 (3d Cir. 1989); *see also City of Canton v. Harris*, 489 U.S. 378 (1989); *Heggenmiller v. Edna Mahan Corr. Inst. for Women*, No. 04-1786, 128 Fed. Appx. 240 (3d Cir. 2005).

In the present case, Shepherd does not associate any of his allegations with Wilkins or Phelps. Nor does he indicate when or where the alleged violations occurred. Hence, it is not clear that Wilkins or Phelps were personally involved or had any supervisory liability for the alleged constitutional deprivations. For similar reasons, Shepherd's miscellaneous housing, classification, medical, mail, and food claims do not adequately plead constitutional violations. Accordingly, these miscellaneous claims and the claims against Wilkins and Phelps will be dismissed as frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915(A)(b)(1).

### C. Public Defender

Shepherd alleges that Sullivan and Hillis did not provide him effective assistance of counsel when defending him on criminal charges. To state a claim under 42 U.S.C. §1983, a plaintiff must allege "the violation of a right secured by the Constitution or laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988) (citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled in part on other grounds by Daniels v. Williams*, 474 U.S. 327, 330-31

(1986)). To act under "color of state law" a defendant must be "clothed with the authority of state law." *West*, 487 U.S. at 49.

As alleged, Sullivan is the public defender and Hillis is an assistant public defender for the State of Delaware. Public defenders do not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in criminal proceedings. *Polk County v. Dodson*, 454 U.S. 312 (1981). Therefore, Shepherd' § 1983 claims against Sullivan and Hillis have no arguable basis in law or in fact and are dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915(A)(b)(1).

### D. Due Process

Shepherd alleges that he was "set up" because Senato placed an inmate in his cell who started fighting with him, and Senato was the hearing officer at Shepherd's hearing on disciplinary charges for fighting. Shepherd alleges that he appealed the disciplinary report, but that Sebato did not send in his appeal.

In *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974), the Supreme Court held that prisoners must be accorded due process before prison authorities may deprive them of state created liberty interests. A prison disciplinary hearing satisfies the Due Process Clause if the inmate is provided with: (1) written notice of the charges and not less than 24 hours to marshal the facts and prepare a defense for an appearance at the disciplinary hearing; (2) a written statement by the fact finder as to the evidence relied on and the reasons for the disciplinary action; and (3) an opportunity "to call witnesses and present documentary evidence in his defense when to do so will not be unduly hazardous to institutional safety or correctional goals." *Wolff*, 418 U.S. at 563-71; *Griffin v. Spratt*, 969 F.2d 16, 19-20 (3d Cir. 1992). It is axiomatic, however, that to be entitled to

procedural due process protections as set forth in *Wolff*, a prisoner must be deprived of a liberty interest. *See Wolff*, 418 U.S. at 557-558.

The Due Process Clause itself confers no liberty interest in freedom from state action taken "within the sentence imposed." *Sandin v. Conner*, 515 U.S. 472, 480 (1995) (quoting *Hewitt v. Helms*, 459 U.S. 460, 468 (1983)). Moreover, state created liberty interests protected by the Due Process Clause are generally limited to restraints on prisoners that impose an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Griffin v. Vaughn*, 112 F.3d 703, 706 (3d Cir. 1997) (quoting *Sandin*, 515 U.S. at 484).

In deciding whether a protected liberty interest exists under *Sandin,* a federal court must consider the duration of the disciplinary confinement and the conditions of that confinement in relation to other prison conditions. *Mitchell v. Horn*, 318 F.3d 523, 532 (3d Cir. 2003) (citing *Shoats v. Horn*, 213 F.3d 140, 144 (3d Cir. 2000)). The Third Circuit has held that an inmate sentenced to an aggregate of 930 days in disciplinary confinement without dayroom or telephone privileges did not constitute an atypical and significant hardship sufficient to trigger a liberty interest under Sandin. *See Young v. Beard*, 227 Fed. Appx. 138 (3d Cir. 2007). Thus, even if Shepherd were "set up" and his appeal not submitted, he fails to state constitutional claim based upon the facts alleged. *See Henderson v. Kerns-Barr*, No. Civ. A. 07-0936, 2008 WL 2156357, at *1 (M.D. Pa. May 21, 2008)(assuming that the plaintiff was not afforded the protections called for by *Wolff*, because the sanction of 90 days disciplinary confinement did not affect the inmate's release date, there was no liberty interest and, therefore, no trigger of due process rights). According to the allegations in the complaint, Shepherd spent less than four months (from August 20, 2006 to December 4, 2006) in administrative segregation – an amount of time that

does not implicate a protected liberty interest. Based upon the relatively short time Shepherd was confined to administrative segregation, he lacks the requisite liberty interest to implicate a due process violation. As Shepherd has not articulated a protected liberty interest with respect to his discipline, confinement, and loss of privileges, his due process claims against Senato and Sebato are dismissed for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

## IV. CONCLUSION

For the above stated reasons, the court will dismiss the claims against the defendants Danberg, Senato, Sebato, Wilkins, Phelps, Sullivan and Hillis as frivolous and for failure to state a claim upon which relief may be granted pursuant to to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1). Shepherd will be allowed to proceed against Bell and Deifo. An appropriate order will be entered.

_____
CHIEF UNITED STATES DISTRICT JUDGE

_Oct 9_____, 2008
Wilmington, Delaware

FILED
OCT - 8 2008
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DONALD L. SHEPHERD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. Action No. 08-368-GMS |
| | ) | |
| CARL DANBERG, COLLEEN BELL, | ) | |
| LT. DEIFO, LT. SENATO, LT. SEBATO, | ) | |
| TRACY WILKINS, PERRY PHELPS, | ) | |
| LAWRENCE M. SULLIVAN, and | ) | |
| EDMUND M. HILLIS, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

At Wilmington this 8th day of Oct, 2008, for the reasons set forth in the Memorandum issued this date,

1. The claims against the defendants Carl Danberg, Lt. Senato, Lt. Sebato, Tracy Wilkins, Perry Phelps, Lawrence M. Sullivan, and Edmund M. Hillis are **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1). They are dismissed from this action.

2. The court has identified what appears to be cognizable Eighth Amendment claims within the meaning of 28 U.S.C. § 1915A(b) against the defendants Colleen Bell and Lt. Deifo. Shepherd may proceed against the defendants Bell and Deifo.

IT IS FURTHER ORDERED that:

1. The Clerk of the Court shall cause a copy of this order to be mailed to the plaintiff.

2. Pursuant to Fed. R. Civ. P. 4(c)(2) and (d)(1), the plaintiff shall complete and return to the Clerk of the Court an **original** "U.S. Marshal-285" form for **the remaining defendants Colleen Bell and Lt. Deifo** as well as for the Chief Deputy Attorney General of the State of Delaware, 820 N. FRENCH STREET, WILMINGTON, DELAWARE, 19801, pursuant to DEL. CODE ANN. tit. 10 § 3103(C). **The plaintiff has provided the court with copies of the complaint (D.I. 2) for service upon the remaining defendants. The plaintiff is notified that the United States Marshal will not serve the complaint until all "U.S. Marshal 285" forms have been received by the Clerk of the Court. Failure to provide the "U.S. Marshal 285" forms for the remaining defendants and the chief deputy attorney general within 120 days from the date of this order may result in the complaint being dismissed or defendants being dismissed pursuant to Federal Rule of Civil Procedure 4(m).**

3. Upon receipt of the form(s) required by paragraph 2 above, the United States Marshal shall forthwith serve a copy of the complaint, this order, a "Notice of Lawsuit" form, the filing fee order(s), and a "Return of Waiver" form upon the defendants identified in the 285 forms.

4. Within **thirty (30) days** from the date that the "Notice of Lawsuit" and "Return of Waiver" forms are sent, if an executed "Waiver of Service of Summons" form has not been received from a defendant, the United States Marshal shall personally serve said defendant(s) and said defendant(s) shall be required to bear the cost related to such service, unless good cause is shown for failure to sign and return the waiver pursuant to Fed. R. Civ. P. 4(d)(1) and (2).

5. Pursuant to Fed. R. Civ. P. 4(d)(3), a defendant who, before being served with process timely returns a waiver as requested, is required to answer or otherwise respond to the complaint within **sixty (60) days** from the date upon which the complaint, this order, the "Notice of

Lawsuit" form, and the "Return of Waiver" form are sent. If a defendant responds by way of a motion, said motion shall be accompanied by a brief or a memorandum of points and authorities and any supporting affidavits.

6. No communication, including pleadings, briefs, statement of position, etc., will be considered by the court in this civil action unless the documents reflect proof of service upon the parties or their counsel.

7. **NOTE:** \*\*\* When an amended complaint is filed prior to service, the court will **VACATE** all previous Service Orders entered, and service **will not take place**. An amended complaint filed prior to service shall be subject to re-screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(a). \*\*\*

8. **NOTE:** \*\*\* Discovery motions and motions for appointment of counsel filed prior to service will be dismissed without prejudice, with leave to refile following service. \*\*\*

_____
CHIEF, UNITED STATES DISTRICT JUDGE

FILED

OCT - 8 ░░░

U.S. DISTRICT COURT
DISTRICT OF DELAWARE