IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DONALD L. SHEPHERD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 08-368-GMS |
| | ) |
| COLLEEN BELL and LT. DEIFO, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM ORDER

At Wilmington, this 3rd day of Feb , 2009;

## I. INTRODUCTION

The plaintiff, Donald L. Shepherd ("Shepherd"), a prisoner housed at the James T. Vaughn Correctional Center, filed this lawsuit pursuant to 42 U.S.C. § 1983. He proceeds *pro se* and was granted leave to proceed *in forma pauperis*. (D.I. 1, 6.) Pending before the court are Shepherd's letter/motion requesting counsel and motion for injunctive relief. (D.I. 43, 44.)

## II. REQUEST FOR COUNSEL

A pro se litigant proceeding *in forma pauperis* has no constitutional or statutory right to representation by counsel. See *Ray v. Robinson*, 640 F.2d 474, 477 (3d Cir. 1981); *Parham v. Johnson*, 126 F.3d 454, 456-57 (3d Cir. 1997). However, representation by counsel may be appropriate under certain circumstances, if the court finds that the plaintiff's claim has arguable merit in fact and law. *Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993).

The court should consider a number of factors when assessing a request for counsel, including: (1) the plaintiff's ability to present his or her own case; (2) the difficulty of the particular legal issues; (3) the degree to which factual investigation will be necessary and the

ability of the plaintiff to pursue investigation; (4) the plaintiff's capacity to retain counsel on his own behalf; (5) the extent to which a case is likely to turn on credibility determinations; and (6) whether the case will require testimony from expert witnesses. *Tabron v. Grace*, 6 F.3d at 155-57; *accord Parham*, 126 F.3d at 457; *Montgomery v. Pinchak*, 294 F.3d 492, 499 (3d Cir. 2002).

Upon consideration of the record, the court is not persuaded that the request for counsel is warranted at this time. It is unclear whether Shepherd's claim has arguable merit. Moreover, Shepherd appears to have the ability to present his claims and there is no evidence that prejudice will result in the absence of counsel. More importantly, this case is in its early stages and, should the need for counsel arise later, one can be appointed at that time. Therefore, the request for counsel is denied without prejudice. (D.I. 43)

### III. INJUNCTIVE RELIEF

In deciding whether to issue a preliminary injunction, the District Court must consider "(1) whether the movant has a reasonable probability of success on the merits; (2) whether irreparable harm would result if the relief sought is not granted; (3) whether the relief would result in greater harm to the non-moving party, and (4) whether the relief is in the public interest." *Williamson v. Correctional Medical Services, Inc.*, No. 07-4425 (3d Cir. Dec. 23, 2008, (quoting *Swartzwelder v. McNeilly*, 297 F.3d 228, 234 (3d Cir. 2002)). "Preliminary injunctive relief is 'an extraordinary remedy' and 'should be granted only in limited circumstances.'" *Id.* (citations omitted).

Shepherd claims that nurse Betty Bryant ("Bryant") changed a physician's order for a diet snack and medication, stopped all of his sick call slips, and failed to give him life threatening medication. Shepherd seeks a restraining order to keep Bryant away from him. He also makes

discover requests and seeks punitive damages from Bryant.

Bryant is not a party to this action. Hence, there is no reasonable probability of success on the merits and for that reason alone the motion will be denied. As to discovery, Shepherd is advised to use the Federal Rules of Civil Procedure to obtain discovery. For the above reasons, the motion for a preliminary injunction (D.I. 44) is **denied**.

## IV. CONCLUSION

For the above reasons, Shepherd's letter/motion requesting counsel and motion for injunctive relief are **denied**.. (D.I. 43, 44.)

_____
CHIEF, UNITED STATES DISTRICT JUDGE