IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DONALD SHEPHERD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | C. A. No. 08-368 GMS |
| | ) | |
| CARL DANBERG et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM**

## I.    **INTRODUCTION**

The plaintiff, Donald Shepherd ("Shepherd"), an inmate at James T. Vaughn Correctional Center ("VCC") seeks recovery for alleged violations of his civil rights.  On June 18, 2008, the plaintiff filed a complaint, alleging violations of his Constitutional rights pursuant to 42 U.S.C. § 1983, and state claims for medical malpractice.

Presently before the court is defendant Colleen Bell's ("Bell") motion to dismiss Shepard's state claims for medical malpractice.[1]  Also before the court, is Sheperd's letter motion to appoint counsel and for access to the law library.  For the reasons that follow, the court will grant Bell's motion and deny Sheperd's motion.[2]

---

[1] As originally filed, Bell's motion sought dismissal on two grounds: (1) Eleventh Amendment sovereign immunity; and (2) failure to provide an affidavit of merit for the state law medical negligence claims.  On May 21, 2009, Bell filed a letter (D.I. 67) withdrawing without prejudice that portion of her motion seeking dismissal on Eleventh Amendment grounds.

[2] Shepherd is no longer incarcerated.  Thus, the court finds his complaint regarding access to the law library moot.

## II.   FACTS

The following facts are taken from the plaintiff's complaint.  Shepherd was arrested for Family Court support charges, taken to Christiana Hospital for medical care and, on August 20, 2006, charged by the Department of Correction Commissioner Carl C. Danberg with escape in the second degree.  After he was discharged from the hospital, Shepherd was taken to the Howard R. Young Correctional Institution and placed in administrative segregation for ninety days isolation confinement.  Shepherd was housed alone in the infirmary, because he was wheelchair bound due to gout.  He alleges that Bell, a nurse employed by Correctional Medical Services ("CMS"), without authorization, authored a memorandum to have him moved from the infirmary to "the hole," took away the wheelchair, and discontinued his heart and blood pressure medications.  Shepherd further alleges that, as a result, he had a "nervous breakdown," and was returned to the infirmary and placed on suicide watch.  Upon his return, Bell harassed him and discussed his case with the staff and other inmates.

As a result of the foregoing conduct, the plaintiff filed a complaint against Bell and others. (D.I. 1.)  On February 17, 2009, Bell filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).  (D.I. 52.)  On April 30, 2009, Shepherd filed a letter request for appointment of counsel.  (D.I. 61.)

## IV.   DISCUSSION

### A.   State Law Claims

Under a liberal reading of Shepherd's complaint, it appears he alleges that Bell was medically negligent.  Bell moves to dismiss any medical negligence claims on the basis that Shepherd failed to accompany the complaint with an affidavit of merit.  Delaware law requires that, at the time of

filing the complaint, it be accompanied by an affidavit of merit to each defendant signed by an expert witness. 18 Del. C. § 6853. The statute provides for a single 60 day extension for the filing of the affidavit of merit, but only upon timely motion of the plaintiff and for good cause shown. 18 Del. C. § 6853 (a)(2).

Here, Shepherd did not file an affidavit of merit with his complaint. Nor did he timely file a motion for an extension of time to file an affidavit of merit. As of this writing, Shepherd has not filed any motion for extension. Accordingly, the court will grant Bell's motion to dismiss the medical negligence claims.

### B.      Motion to Appoint Counsel

A pro se litigant proceeding *in forma pauperis* has no constitutional or statutory right to representation by counsel. *See Ray v. Robinson*, 640 F.2d 474, 477 (3d. Cir. 1981); *Parham v. Johnson*, 126 F.3d 454, 456-57 (3d Cir. 1997). Representation by counsel may be appropriate under certain circumstances, however, if the court finds that the plaintiff's claim has arguable merit in fact and law. *Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993).

The court should consider a number of factors when assessing a request for counsel, including: (1) the plaintiff's ability to present his or her own case; (2) the difficulty of the particular legal issues; (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation; (4) the plaintiff's capacity to retain counsel on his own behalf; (5) the extent to which a case is likely to turn on credibility determinations; and (6) whether the case will require testimony from expert witnesses. *Tabron v. Grace*, 6 F.3d at 155-57; *accord Parham*, 126 F.3d at 457; *Montgomery v. Pinchak*, 294 F.3d 492, 499 (3d Cir. 2002).

3

Upon consideration of the record, the court is not persuaded that the request for counsel is warranted at this time. It is unclear whether Shepherd's claim has arguable merit. Moreover, Shepherd appears to have the ability to present his claims and there is no evidence that prejudice will result in the absence of counsel. More importantly, this case is in its early stages and, should the need for counsel arise later, one can be appointed at that time. Therefore, the court will deny without prejudice Shepherd's request for counsel.

Dated: September 17, 2009

CHIEF, UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DONALD SHEPHERD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | ) C. A. No. 08-368 GMS |
| | ) |
| CARL DANBERG et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

For the reasons stated in the court's Memorandum of this same date, IT IS HEREBY

ORDERED that:

1.     Bell's Partial Motion to Dismiss Pursuant to Federal Rule of Civil Procedure

   12(b)(6) (D.I. 52) is GRANTED.

2.     Shepherd's letter request to appoint counsel and for access to the law library (D.I. 61)

   is DENIED in all respects.

Dated: September 17, 2009

CHIEF UNITED STATES DISTRICT JUDGE