IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DONALD L. SHEPHERD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 08-368-GMS |
| | ) |
| COLLEEN BELL, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM**

The plaintiff Donald L. Shepherd ("Shepherd"), a former inmate at the Delaware

Correctional Center (now known as the James T. Vaughn Correctional Center), Smyrna,

Delaware, now released, filed this lawsuit pursuant to 42 U.S.C. § 1983. He appears *pro se* and

has been granted permission to proceed without prepayment of fees pursuant to 28 U.S.C. §

1915.

**I. BACKGROUND**

The complaint was filed on June 19, 2008. On June 15, 2009, Shepherd notified the

court that he had been released from prison. He was served discovery and requests for

admissions by the defendant Colleen Bell ("Bell") on August 11, 2009 and October 9, 2009, but

did not respond. On January 21, 2010, Bell filed a motion for summary judgment, but Shepherd

did not file a response. Accordingly, on February 16, 2010, the court entered a show cause why

the case should not be dismissed for failure to prosecute and ordered Shepherd to respond within

fourteen days. (D.I. 82.) He did not and the case was dismissed on March 17, 2010.[1] (D.I. 83.)

---

[1]The dismissal order incorrectly refers to Fed. R. Civ. P. 4(m) regarding service, instead
of the LR 41.1 for failure to prosecute.

On March 31, 2010, Shepherd filed a motion to reopen the case, presumably pursuant to Fed. R. Civ. P. 60(b), on the grounds that he did not receive the show cause order because he was homeless and is undergoing cancer treatment. (D.I. 84.)  Bell opposes the motion and argues that, despite Shepherd's homeless state, he nonetheless has failed to prosecute the case.

## II. STANDARD

Rule 60(b) provides that a party may file a motion for relief from a final judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence by which due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Fed. R. Civ. P. 60(b). A motion filed pursuant to Rule 60(b) is addressed to the sound discretion of the trial court guided by accepted legal principles applied in light of all relevant circumstances. *Pierce Assoc. Inc., v. Nemours Found.*, 865 F.2d 530, 548 (3d Cir. 1988). Motions under Rule 60(b)(1) through (3) must be made "not more than one year after the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1).

## III. DISCUSSION

Shepherd advises that he has been homeless and is ill. The court finds that relief pursuant to Rule 60 is appropriate and that Shepherd has shown cause why the case should not be dismissed for failure to prosecute. Accordingly, the court will grant the motion to reopen. In

addition, Shepherd will be given additional time to respond to discovery requests and to respond to the defendants' motion for summary judgment.

## IV. CONCLUSION

For the reasons stated, the court will grant Shepherd's motion to reopen.   (D.I. 84.)

An appropriate order will be entered.

_Oct 5_____, 2010

Wilmington, Delaware

_____
CHIEF UNITED STATES DISTRICT JUDGE